## REILEY *v.* WARD.

Where W. agreed to enter forty acres of land for R., in payment for digging a
cellar, but neglected to enter the land and refused to pay the money : held
that R. was entitled to a mechanics' lien.

A mechanics' lien may be enforced where payment was to be made in land
or property.

### *Appeal from Muscatine District Court.*

*Opinion by* KINNEY, J.   Petition by Reiley for a
mechanics' lien for excavating four hundred and twenty
yards of dirt for the cellar of the dwelling house of Ward.
He alleges that there was a contract by which said Ward
was to have entered for him forty acres of land. That
the land never was entered by said Ward for plaintiff, and
that he refused to furnish the money to enter the same.
Whereupon he prays a mechanics' lien for the value of the
labor. This petition was demurred to, and the following
assigned for cause: *First*—That plaintiff gave a merely
personal credit to said Ward, and no credit to said land.
*Second*—That the plaintiff entered into a special contract
for another manner of payment. This demurer was sus-
tained by the court. Plaintiff appeals and contends that
this decision is erroneous. § 981, of the Code provides
that "every person who by virtue of a contract with the
owner of a piece of land performs work, or furnishes
material especially for any building, and which material
is used in the erection thereof, has a lien" &c.

Under this section the plaintiff filed his petition, and
we think he was entitled to his lien. But the court were
of the opinion, because he made a special contract with
Ward to enter him forty acres of land, therefore he did
not give the credit to the house, and could not enforce a
lien. In this the court erred. The object of this law is
to give mechanics—those who furnish materials and

laborer's—*security* for the amount respectively due them. It can only be by virtue of a contract that the lien will arise.

In that contract the owner may obligate himself to pay in money, land, or any specific article of property. If he does not fulfill by paying in the manner agreed upon, the mechanic is entitled to his lien. We see no distinction in principle between the agreement to pay money or property which could possibly affect the remedy provided by statute. If the labor has been performed, or the materials furnished, no matter in what the owner agreed to pay, if he has not paid, the mechanic or laborer has a right to resort to the security provided by law. A different rule would be unreasonable and unjust. It would be in the power of the owner, providing he could find mechanics willing to contract for property, to defraud them out of their labor, by refusing to pay in the manner required. This would be a perversion of the statute, and defeat the object of the legislature. The demurrer should have been overruled.

Judgment reversed.

*J. Butler* and *S. Whicher*, for appellant.

*W. G. Woodward*, for appellee.